UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JERICA JONES** | * |
| Plaintiff, | * |
| v. | *    Case No. 20-CV-00531-RJL |
| **MARC BARNES, et al.** | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ANSWER TO COMPLAINT

Defendants, Marc Barnes and Park Place Incorporated, by and through undersigned counsel, submits this Answer to Plaintiff's, Jerica Jones Complaint and states as follows:

1. Defendants lacks knowledge or information sufficient to form a belief to admit or deny the truth of the averments of Paragraph 1 and, thus, denies them.

2. Admitted.

3. Admitted.

4. Admitted.

## JURISDICTION AND VENUE

5. The contentions of Paragraph 5 are statements or conclusions of law for which no answer is required. To the extent a response is necessary, the contents are denied.

6. The contentions of Paragraph 6 are statements or conclusions of law for which no answer is required. To the extent a response is necessary, the contents are denied.

7. The contentions of Paragraph 7 are statements or conclusions of law for which no answer is required. To the extent a response is necessary, the contents are denied.

## STATEMENT OF THE FACTS

8. Defendants lacks knowledge or information sufficient to form a belief to admit or deny the truth of the averments of Paragraph 8 and, thus, denies them.

9. Defendants lacks knowledge or information sufficient to form a belief to admit or deny the truth of the averments of Paragraph 9 and, thus, denies them.

## COUNT I

10. The contentions of Paragraph 10 are statements or conclusions of law for which no answer is required. To the extent a response is necessary, the contents are denied.

11. Denied. There were no unsafe conditions on the subject floor.

12. Denied. There were no unsafe conditions on the subject floor.

13. Paragraph 13 contains legal conclusions which require no response. To the extent a response is necessary Defendants deny the allegations contained in paragraph 13 of the Complaint. Defendants properly maintained the premises.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Complaint is barred by Plaintiff's own active, contributory and individual negligent acts, omissions, or other wrongdoing, such that it is a superseding proximate cause of the occurrence; and any wrongdoing by these Defendants, which is denied, was merely passive and did not cause or contribute to Plaintiffs' alleged damages.

3. The Complaint is barred by the collective active and contributory negligent acts, omissions, or other wrongdoing by others, such that they are individually and/or collectively a superseding proximate cause of the occurrence; and any wrongdoing by this Defendant, which is denied, was merely passive and did not cause or contribute to Plaintiff's alleged damages.

4. To the extent that Plaintiffs' damages were caused by any independent contractor of the Defendants, said independent contractor's wrongful actions were outside the scope of their services such that Defendants are not responsible.

5. Plaintiff assumed the risk of her injuries.

6. Plaintiff's claims are barred by the doctrine of contributory negligence.

7. Plaintiff's claims are barred by the doctrine of unclean hands.

8. Plaintiffs' claims are barred by the applicable statute(s) of limitation.

9. Plaintiff's claims are barred by the doctrines of Waiver and Estoppel.

10. Plaintiff failed to mitigate her damages.

11. Defendants reserve the right to rely upon any additional valid defenses that may be lawfully available to them

WHEREFORE, Defendants Marc Barnes and The Park Place Incorporated, having fully answered each of the Counts and Causes of Action asserted against them in this case, requests that the Complaint be dismissed and that it be awarded the costs of this action and such other and further relief to which it is entitled.

Dated: 3/13/2020                                    Respectfully submitted,

                                                    */s/ Michele F. Hayes*

        JEFFREY A. WOTHERS, ESQ (#09439)
        MICHELE F. HAYES, ESQ. (#475251)
        NILES, BARTON & WILMER, LLP
        111 S. Calvert Street, Suite 1400
        Baltimore, Maryland 21202
        (410) 783-6300 (Phone)
        (410) 783-6452 (Facsimile)
        jawothers@nilesbarton.com
        mfhayes@nilesbarton.com
        *Counsel for Defendant Park Place Inc., d/b/a*
        *The Park at Fourteenth and Marc Barnes*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this **13th** day of **March** 2020 a true and accurate copy of the foregoing was served via CM/ECF and mailed to the addresses below:

    John P. Valente, III, Esquire
    Federal Bar No. 22233
    THE VALENTE LAW GROUP
    2200 Defense Highway, Suite 304
    Crofton, MD  21114
    (410) 451-1777 – Phone
    jvalente@jpvlawgroup.com
    *Counsel for Plaintiff, Jerica Jones*

    918-14th ME, LLC
    0920 14th Street, N.W.
    Washington, D.C. 20005
      Serve On:
      TAHOGA INCORPORATED
      3325 Wilson Boulevard
      Arlington, VA  22201

        */s/ Michele F. Hayes*
        Michele F. Hayes, Esquire

4827-6624-4535, v. 1